IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Abraham Johnson, ) | C/A No. 5:19-cv-01019-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Andrew Saul, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on June 19, 2020, recommending that the Court reverse the decision of the Commissioner and remand for further proceedings. ECF No. 21. Neither party filed objections to the Report.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely

1

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

      Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and adopts the Report by reference in this Order. The Administrative Law Judge ("ALJ") wholly disregarded Plaintiff's Diabetic Neuropathy, which was diagnosed by his treating physician, in favor of a contrary opinion from a non-examining medical consultant. The ALJ did not explain the conflict between these opinions, nor did the ALJ explain objective medical records that support a diagnosis of Diabetic Neuropathy. Additionally, the ALJ ignored other medical evidence that supported Plaintiff's treating physician's testimony. In short, the ALJ failed to properly evaluate the treating physician's opinion, and this Court must remand the matter so that the ALJ can reevaluate the opinion under the proper legal standards. Additionally, upon remand, the ALJ should specifically address Plaintiff's remaining allegations of error. Therefore, the Commissioner's decision is **REVERSED** and the Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

      IT IS SO ORDERED.

                                          s/ Donald C. Coggins, Jr.
                                          United States District Judge

July 2, 2020
Spartanburg, South Carolina