UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Patrick Abraham Johnson, ) | C/A No. 5:19-cv-01019-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) filed July 4, 2021. ECF No. 31. In the motion, counsel requests reimbursement for representation provided in the above-referenced case in the amount $27,219.75. *Id*. Plaintiff's counsel previously received an attorney fee award under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, in the amount of $4,450.00. ECF No. 30. Counsel agrees that any attorney fees awarded under § 406(b)(1) are subject to offset by a previous EAJA attorney fee award and the lesser of the two amounts must be refunded to the plaintiff. On July 13, 2021, Defendant filed a response in support of Plaintiff's motion and requested that the Court authorize a payment to Plaintiff's counsel in the amount of $27,219.75. ECF No. 32.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is

entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  The Supreme Court has held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields reasonable results in particular cases.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.  Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor).  *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than 25 percent of the past-due benefits recovered by Plaintiff.  The Court has reviewed the motion, counsel's fee petition, and the accompanying fee agreement and finds that the request is reasonable.

Accordingly, Plaintiff's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) [31] is **GRANTED** in the amount of $27,219.75.  Plaintiff's counsel

is directed to return $4,450.00 previously awarded under the EAJA to Plaintiff after he receives the payment of the § 406(b) fees.

    IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

August 2, 2021
Spartanburg, South Carolina